**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED | ) | |
|    TRADES INDUSTRY PENSION FUND | ) | |
| TIM D. MAITLAND, in his official capacity as a fiduciary, | ) | |
| FINISHING TRADES INSTITUTE | ) | |
|    F/K/A INTERNATIONAL UNION OF PAINTERS | ) | |
|    AND ALLIED TRADES JOINT APPRENTICESHIP | ) | |
|    AND TRAINING FUND, and | ) | |
| PAINTERS AND ALLIED TRADES LABOR | ) | |
|    MANAGEMENT COOPERATION INITIATIVE | ) | |
| 7234 Parkway Drive | ) | |
| Hanover, MD 21076 | ) | |
| | ) | |
|             Plaintiffs, | ) | CIVIL ACTION NO. |
|      v. | ) | |
| | ) | |
| LANDIS PAINTING COMPANY, INC. | ) | |
| 5240 Elmwood Avenue | ) | |
| Indianapolis, IN 46203 | ) | |
| | ) | |
|          Defendant. | ) | |

## COMPLAINT

     Plaintiffs, by undersigned counsel, complain as follows.

## JURISDICTION

     1.     This Court has jurisdiction over the subject matter of this action under 29 U.S.C.

§§ 1132, 1145; 29 U.S.C. § 185(a); and/or 28 U.S.C. § 1331.  The claims asserted are all made

under federal statutes or federal common law, but the supplemental jurisdiction of the Court

under 28 U.S.C. § 1367(a) also extends to any claims that are found to lie under state law.

     2.     A copy of this Complaint is being served on the Secretaries of Labor and the

Treasury of the United States by certified mail in accordance with 29 U.S.C. § 1132(h) .

**VENUE**

3.     Venue lies in the District of Maryland under 29 U.S.C. § 1132(e)(2), 29 U.S.C. § 185(a) and/or 28 U.S.C. § 1391(b).

**PARTIES**

4.     Plaintiff International Painters and Allied Trades Industry Pension Fund ("Fund" or "Pension Fund") is a trust fund established under 29 U.S.C. § 186(c)(5).  Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor" and each is an individual "fiduciary," within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), (21), for the International Painters and Allied Trades Industry Pension Plan ("Pension Plan") and International Painters and Allied Trades Industry Annuity Plan ("Annuity Plan").

5.     The Pension Plan is a "multiemployer plan," "employee benefit plan" and "employee benefit pension plan" within the meaning of 29 U.S.C. §§ 1002(37), (2) and (3) which is administered and has its principal place of business in this district at the address for the Fund in the caption of this Complaint.  The Pension Plan is also known and referenced as the IUPAT Industry Pension Plan in the Labor Agreements relating to this complaint.

6.     The Annuity Plan is a "multiemployer plan," "employee benefit plan" and "employee benefit pension plan" within the meaning of 29 U.S.C. §§ 1002(37), (2) and (3) which is administered and has its principal place of business in this district at the address for the Fund in the caption of this Complaint.  The Annuity Plan is also known and referenced as the IUPAT Industry Annuity Plan in the Labor Agreements relating to this complaint.

7.     Plaintiff, Tim D. Maitland ("Maitland") is a fiduciary of the Funds within the meaning of 29 U.S.C. § 1002(21) with respect to collection of contributions due the Funds and

related matters. He has a business address as listed in the caption and is authorized to bring this action on behalf of all Trustees of the Fund and the Funds as organizations.

8.      The Fund and Maitland are authorized collection fiduciary(ies) and agent(s) for:

(a)      the Pension Plan,

(b)      the Annuity Plan,

(c)      the Finishing Trades Institute f/k/a International Union of Painters and Allied Trades Joint Apprenticeship and Training Fund ("FTI"), and

(d)      the Ancillary Fund identified below.

9.      FTI is a trust fund established under 29 U.S.C. § 186(c)(5) and a "multiemployer plan" and "employee benefit plan" and "employee welfare benefit plan" within the meaning of 29 U.S.C. §§ 1002(37), (1), and (3).  The FTI maintains its principal place of business and is administered from an office in this district and is also known as and referenced as the "Apprenticeship Fund" in the Labor Agreements relating to this complaint.

10.      The Painters and Allied Trades Labor Management Cooperation Initiative ("LMCI"), is an entity that performs certain employer association functions, but is also an unincorporated organization established under 29 U.S.C. § 186(c)(9).

11.      The LMCI is referenced as an "Ancillary Fund" and maintains its principal place of business and is administered from an office in this district.

12.      The Fund and Maitland, in their capacity as authorized collection fiduciary(ies) and agent(s) sue on behalf of the Pension Plan, the Annuity Plan, FTI and LMCI.

13.      The Fund, Pension Plan, Annuity Plan, FTI and, as allowed by law, LMCI, are jointly or severally referenced as the "ERISA Funds." The ERISA Funds and LMCI are hereinafter jointly or severally referenced as the "Funds." The Funds and Maitland are

hereinafter jointly or severally referenced as "Plaintiffs."

14.     Defendant, Landis Painting Company, Inc. ("Company") is an Indiana

Corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C.

§§ 152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the

caption.  The Company does business with the Fund that is sufficient to create personal

jurisdiction over the Company in this district and a substantial part of the events or omissions

giving rise to the claim occurred from transactions with the Funds' office(s) in this district.

## COMMON FACTS

15.     At all times relevant to this action, the Company was party to or agreed to abide

by the terms and conditions of a collective bargaining agreement(s) (singly or jointly, "Labor

Contracts") with one or more local labor unions or district councils affiliated with the

International Union of Painters and Allied Trades, AFL-CIO, CLC (the locals, district councils

and International being referred to jointly as "Union"). A true and correct copy of the cover page,

contribution provisions and joinder or signature page of the Labor Contract are attached as

Exhibit 1.

16.     The Company also signed or agreed to abide by the terms of the Agreement and

Declaration of Trust of the Fund ("Trust Agreement"), made between certain employers and

employee representatives in an industry(ies) affecting interstate commerce to promote stable and

peaceful labor relations, and the plan documents for the ERISA Funds.  A true and correct copy

of the Trust Agreement for the Fund is attached as Exhibit 2. True and correct copies of the cover

page, table of contents, §§ 3.08, 10.07, 10.08, and 10.11 and signature page of the Pension Plan

are attached as Exhibit 3, and the Annuity Plan has parallel terms.

17.     Under the Labor Contracts, Trust Agreement, plan documents of the ERISA

Funds or other documents, the Company agreed:

(a)    To make full and timely payment on a monthly basis to the Funds, as required by the Labor Contracts, Trust Agreement and plan documents. Ex. 1, p. 20, (Art. XXI, § 3); Ex. 2, p.15 (Art.VI, § 2); Ex. 3, § 10.07.

(b)    To file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contract. Ex. 1, p. 20, (Art. XXI, § 1, ¶ d); Ex. 2, pp.15-16 (Art.VI, §§ 3, 5).

(c)    To produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of the Company's records concerning its obligations to the Funds and to pay the cost of the audit if found to be delinquent or in violation of the Trust Agreement or Plan. Ex. 1, p. 20 (Art. XXI, § 3); Ex. 2, pp.16-17 (Art.VI, § 6).

(d)    To pay liquidated damages, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of the Company's failure to comply with its contractual and statutory obligations described in Subparagraphs (a), (b) and (c). Ex. 1, p. 20 (Art. XXI, § 4); Ex. 2, pp. 16-17 (Art.VI, §§ 4, 6); Ex. 3, §§ 10.07, 10.11.

18.    Plaintiffs' auditors performed an audit of Defendant's financial and business records for the period February 1, 2014 through February 28, 2016 pursuant to the terms of the Labor Contract and above referenced Trust and plan documents. It uncovered delinquent contributions owed for that period to the Funds and to District Council 91 of the International Union of Painters and Allied Trades. The audit was completed on or about April 4, 2016.

19.    Plaintiffs' records show that Defendant also failed to submit remittance reports and contributions for the months March through September 2016. Accordingly, Plaintiffs were

required to estimate the contributions owed for those months in accordance with the terms of the

Fund documents. When an employer fails to submit the contractually required reports, Plaintiff

Funds estimate the contributions owed based on the average of the contributions owed and hours

worked for the previous three (3) months prior to the estimated period. A worksheet detailing the

months and amounts used to calculate the estimated delinquencies is attached as Exhibit 5.

20.     All conditions precedent to this lawsuit or the relief it seeks have been satisfied.

## COUNT I - CONTRIBUTIONS UNDER ERISA - SUM CERTAIN

### ERISA FUNDS
### v.
### COMPANY

21.     The allegations of Paragraph 1 through 20 are incorporated by reference as if fully

restated.

22.     Based on information currently available to the ERISA Funds and the results of an

audit covering the period February 1, 2014 through February 28, 2016, Company has failed to

pay amounts due under the Labor Contracts, Trust Agreements and Plan from February 1, 2014

through September 30, 2016, in at least the sum of $381,007.98, in violation of 29 U.S.C. §

1145, as detailed in the attached Exhibit 4.

23.     The ERISA Funds are adversely affected and damaged by the Company's

violation of 29 U.S.C. § 1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)     Enter judgment against Company in favor of the Plaintiffs, for the benefit of the

ERISA Funds, for at least the sum certain amount plus any additional amounts which may

become due during the pendency of this lawsuit, together with interest at the rate(s) prescribed by

26 U.S.C. § 6621 from the due date for payment until the date of actual payment, liquidated

damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the ERISA Funds or statute, the cost of any audit and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment all as provided under the Trust Agreements, plan documents of the ERISA Funds, and 29 U.S.C. § 1132(g)(2).

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - CONTRIBUTIONS UNDER CONTRACT - SUM CERTAIN

### PLAINTIFFS
### v.
### COMPANY

24.     The allegations of Paragraphs 1 through 20 are incorporated by reference as if fully restated.

25.     The Company has not paid the Funds as required by the Labor Contract, and other documents incorporated by the Labor Contract, such as the Trust Agreements or plan documents of the ERISA Funds.

26.     Based on information currently available to the Plaintiffs, Company has failed to pay amounts due under the Labor Contracts, Trust Agreements and Plan from February 1, 2014 through September 30, 2016, in at least the sum of $381,007.98, as detailed in the attached Exhibit 4.

27.     Plaintiffs have been damaged as a proximate result of the breach of Labor Contract and/or its incorporated documents by Company.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)     Enter judgment against the Company and in favor of Plaintiffs, for the benefit of

the Funds, for the sum certain currently due plus any additional amounts which become due and

owing during the pendency of this litigation or as a result of an audit together with liquidated

damages, interest and costs, including reasonable attorneys' fees incurred in this action or the

collection or enforcement of any judgment, as provided in the Labor Contract and Trust

Agreements.

     (2)     Grant such other or further relief, legal or equitable, as may be just, necessary or

appropriate.

Respectfully submitted,

JENNINGS SIGMOND, P.C.

November 17, 2016
Date

/s/ Judith Sznyter
BY:  JUDITH SZNYTER
Bar No. 29743
Jennings Sigmond, P.C.
1835 Market Street, Suite 2800
Philadelphia, PA 19103
Phone: (215) 351-0641
Fax: (215) 922-3524

Attorneys for Plaintiff